## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DESIGNTECHNICA CORPORATION** doing business as **DIGITAL TRENDS**, a Delaware corporation, | Case No. 3:25-cv-851-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **CALEB DENISON**, an individual, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

Plaintiff Designtechnica Corporation, d/b/a Digital Trends ("Digital Trends") has sued

Caleb Denison, alleging copyright infringement and breach of contract. Denison has moved to

dismiss Digital Trends' copyright infringement claim for failure to state a claim and Digital

Trends' breach of contract claim for lack of subject matter jurisdiction.[1]

---

[1] Notwithstanding Denison's request for oral argument, the Court does not believe that oral argument would assist in resolving the pending motion. *See* LR 7-1(d)(1).

**STANDARDS**

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, a court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The Court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus. v. Ikon Off. Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The Court need not, however, credit a plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted

unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted).

## BACKGROUND

Design Trends is a Delaware Corporation with its principal place of business in Portland, Oregon. Compl. (ECF 1) ¶ 1. Denison resides in Portland and worked for Digital Trends beginning on September 15, 2011. *Id.* ¶¶ 2, 7. Before Denison's employment began, he signed Digital Trends' Proprietary Invention Assignment Agreement (the "PIA"). *Id.* ¶ 8.

In 2023, Denison and a co-worker suggested to Digital Trends that Denison and his co-worker lease studio space to film Digital Trends' content. *Id.* ¶ 10. Digital Trends agreed and began renting the studio in June 2023. *Id.* Digital Trends has paid $1,500 per month to lease the studio space and has purchased property and equipment to be used in the studio. *Id.* ¶ 11. Denison also proposed living in the studio space, which Digital Trends allowed. *Id.* ¶¶ 10, 14.

Denison was Digital Trends' most viewed YouTube content creator. *Id.* ¶ 15. This content included the "You Asked" YouTube series, which consisted of Denison answering product-specific questions based on his reviews of technology. *Id.* ¶¶ 15-16. Digital Trends alleges that all the content that Denison "created was for the sole purpose of generating subscribers and views for Digital Trends, [and] promoting Digital Trends advertising partners." *Id.* ¶ 16.

Digital Trends alleges that in early January 2024, Denison began creating tech-focused content on another YouTube channel using the studio and equipment owned by Digital Trends. *Id.* ¶ 17. Digital Trends became aware of this channel and reminded Denison of his obligations under the PIA, and Denison responded that he would have his attorney review the PIA and then respond to Digital Trends. *Id.* ¶ 18. Denison never disputed the applicability of the PIA and temporarily stopped posting on his personal channel. *Id.* ¶ 19.

Digital Trends alleges that in late February 2025, Denison again created a personal YouTube channel and created content for that channel using Digital Trends' studio, equipment, and resources. *Id.* ¶ 20. On April 14, 2025, Digital Trends received a letter from Denison's attorney stating that Denison was resigning from his position with Digital Trends. *Id.* ¶ 21. Digital Trends alleges that Denison has only returned certain property and equipment that was within the studio. *Id.* ¶ 22.

Digital Trends brings claims for breach of contract and copyright infringement. Digital Trends alleges that Denison breached the PIA by breaching the duty of good faith and fair dealing, the non-compete provision, the non-solicitation provision, and the proprietary information provisions. Digital Trends also alleges that Denison's YouTube channels and certain YouTube videos infringe on Digital Trends' copyrights.

## DISCUSSION

### A.  Failure to State a Claim

Denison argues that Digital Trends fails to state a claim for copyright infringement because it does not allege that it registered a copyright for any of the 22 videos cited in the complaint. Under the Copyright Act, with an exception for actions brought under 17 U.S.C. § 106A(a),[2] "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a); *see also Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296 (2019) (holding that a copyright claimant may not commence an infringement suit until after the Copyright Office has registered a copyright).

---

[2] Digital Trends alleges claims under only 17 U.S.C. §§ 106 and 501, *see* Compl. ¶¶ 41-53, and thus the exception does not apply in this case.

In response, Digital Trends admits that it has not registered or preregistered the claim and states that it "is presently preparing the appropriate registration application(s) regarding the matters set forth in its Second Claim for Relief under the Copyright Act." Digital Trends also argues that to state a claim, it does not need to allege registration because the registration requirement "is akin to an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights." *Fourth Est.*, 586 U.S. at 301. But in *Fourth Estate*, the Supreme Court affirmed a motion to dismiss *for failure to state a claim* because the plaintiff had not yet registered its copyright before filing the complaint. *See id.* Thus, Digital Trends fails to state a claim for copyright infringement and the Court grants Denison's motion to dismiss as to this claim.

## B.  Leave to Amend

Digital Trends requests leave to amend to add a federal trade secrets claim and to address "whether to seek a voluntary dismissal/withdrawal of its claim under the Copyright Act" to complete the registration process. Denison does not oppose the addition of a federal trade secrets claim. Denison also concedes that the addition of this claim would create federal question jurisdiction and thus would not require that the breach of contract claim be dismissed for lack of subject matter jurisdiction.[3] Denison does, however, oppose amendment with respect to the copyright infringement claim.

District courts within this circuit are split on whether a plaintiff can "amend[] an action to include claims for works not registered before the filing of the initial complaint." *See Roblox Corp. v. WowWee Grp. Ltd.*, 660 F. Supp. 3d 880, 890 (N.D. Cal. 2023) (collecting cases). The

---

[3] Because the Court grants leave to amend, the Court does not address Denison's motion to dismiss for lack of subject matter jurisdiction.

Court acknowledges that this is a close question. Under the circumstances of this case, the Court agrees with the courts that have concluded that a party can amend a complaint to assert a claim for copyright infringement based on registrations obtained after the lawsuit was initially filed but before the amended complaint. *See Dolby Lab'ys Licensing Corp. v. Roku, Inc.*, 2025 WL 2021803, at *8-9 (N.D. Cal. July 18, 2025) (collecting cases). "To hold otherwise would favor form over function." *Id.* at *9 (explaining that if the claims were dismissed without amendment, the plaintiff would "inevitably" file a separate suit that would likely be consolidated, creating inefficiency). Thus, the Court grants Digital Trends leave to amend its copyright infringement claim and to add a federal trade secrets claim.[4]

## CONCLUSION

The Court GRANTS IN PART Denison's Motion to Dismiss, ECF 6. Digital Trends' copyright infringement is claim is dismissed without prejudice, and Digital Trends has leave to file an amended complaint.

**IT IS SO ORDERED.**

DATED this 31st day of July, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

---

[4] The Court notes that "[u]pon registration of the copyright . . . a copyright owner can recover for infringement that occurred both *before and after registration*." *Fourth Est.*, 586 U.S. at 299 (emphasis added). Under 17 U.S.C. § 412, however, a party cannot receive *statutory damages* for infringement before the effective date of the copyright's registration. *See also Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 595 U.S. 178, 181 (2022) ("[A] plaintiff in an infringement action normally cannot obtain an award of statutory damages or attorney's fees for infringement that occurred prior to registration."); *Enter. Mgmt. Ltd., Inc. v. Construx Software Builders, Inc.*, 73 F.4th 1048, 1056 n.6 (9th Cir. 2023) (explaining that the plaintiff "is entitled to statutory damages and attorneys' fees only to the extent the infringement occurred after the work was registered").